Petition for Writ of Mandamus
Denied and Memorandum Opinion filed May 26, 2011.

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-11-00310-CV

____________

 

IN RE LIBERTY MUTUAL GROUP, INC., Relator

 

 



ORIGINAL PROCEEDING

WRIT OF MANDAMUS

11th District Court

Harris County, Texas

Trial Court Cause No. 2010-57735

 

 

 



M E M O R
A N D U M   O P I N I O N

            This proceeding arises from a dispute over the amount of the
covered loss under a homeowner’s insurance policy.  On April 8, 2011, relator Liberty
Mutual Group, Inc., filed a petition for writ of mandamus in this court.  See
Tex. Gov’t Code § 22.221; see also Tex. R. App. P. 52.  In its petition,
Liberty Mutual asks this court to compel the respondent, the Honorable Mike
Miller, presiding judge of the 11th District Court of Harris County, to abate
the underlying proceedings until an appraisal to determine the amount of the
covered loss has been completed.  We deny the requested relief.

            After Hurricane Ike, Nick and Sally Mitchell, the real
parties in interest, filed a claim with Liberty Mutual under their homeowner’s
policy.  When a dispute arose over the amount of the covered loss, Liberty
Mutual invoked the appraisal process pursuant to the terms of the Mitchells’
homeowner’s insurance policy.[1] 
Appraisal was underway when the Mitchells filed suit against Liberty Mutual. 
Liberty Mutual filed an answer to the petition, and shortly thereafter, it also
filed a motion to abate the case until the appraisal process is completed.  The
trial court signed an order denying Liberty Mutual’s motion to abate on March
7, 2011, and this proceeding followed.  

            Mandamus relief is available if the trial court abuses its
discretion, either in resolving factual issues or in determining legal
principles, when there is no other adequate remedy by law.  See Walker v.
Packer, 827 S.W.2d 833, 839–40 (Tex. 1992).  A trial court abuses its
discretion if it reaches a decision so arbitrary and unreasonable as to amount
to a clear and prejudicial error of law, or if it clearly fails to analyze or
apply the law correctly.  In re Cerberus Capital Mgmt., L.P., 164 S.W.3d
379, 382 (Tex. 2005).

            The Texas Supreme Court has determined that mandamus relief
is appropriate to enforce an appraisal clause because denying an appraisal
would vitiate the insurer’s right to defend its breach of contract claim.  In
re Allstate Cnty. Mut. Ins. Co., 85 S.W.3d 193, 196 (Tex. 2002).  Here, the
parties have begun the appraisal process, and Liberty Mutual has not asked this
court to enforce the appraisal clause in the Mitchells’ homeowner’s policy. 
Instead, the only relief sought in this proceeding is that we direct the trial
court to vacate its order denying Liberty Mutual’s motion to abate and require
the case to be abated until the appraisal has been completed.  

            Recently,
the Texas Supreme Court confirmed that mandamus will not lie regarding the
grant or denial of a motion to abate.  Specifically addressing a motion to
abate for an insurance appraisal, the court held that “[t]he trial court’s
failure to grant the motion to abate is not subject to mandamus, and the
proceedings need not be abated while the appraisal goes forward.”  In re
Universal Underwriters of Texas Ins. Co., No. 10-0238, 2011 WL 1713278, *7
n. 5 (Tex. May 6, 2011). 

Accordingly, we deny Liberty Mutual’s petition for writ of
mandamus.

 

                                                                        PER
CURIAM

 

Panel consists
of Chief Justice Hedges and Justices Seymore and Boyce.









[1] 
Appraisal clauses, commonly found in homeowners,
automobile, and property insurance policies in Texas, provide a means to
resolve disputes about the amount of loss for a covered claim.  See State
Farm Lloyds v. Johnson, 290 S.W.3d 886, 888 (Tex. 2009).